UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINAL C. SCOTT, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:23-0058 |
| v. | : | (JUDGE MANNION) |
| | : | |
| BERNADETTE MASON, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner, Reginald C. Scott, an inmate confined in the Mahanoy State Correctional Institution, Frackville, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). The filing fee has been paid. Petitioner challenges his 1975 conviction for second degree murder and robbery. Id. Specifically, Scott claims that "he received a sentence greater than the lawful maximum which is an illegal sentence." Id. For the reasons that follow, the Court concludes that the petition is as an unauthorized "second or successive" habeas petition under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2244(b), and will dismiss the petition for lack of jurisdiction.

I. <u>Background</u>

On March 24, 1975, a jury sitting in the Court of Common Pleas of Dauphin County found Scott guilty of one count of murder in the second degree and two counts of robbery. On June 23, 1975 he was sentenced to life imprisonment, followed by a ten to twenty year term of incarceration. While Scott did not pursue any direct appeal of his conviction, he has filed a number of petitions challenging the validity of his conviction. Scott's initial petition for post-conviction relief was filed on October 11, 1979, pursuant to the Pennsylvania Post-Conviction Hearing Act. On March 5, 1995, Scott filed a petition pursuant to the Pennsylvania Post-Conviction Relief Act.

Scott has previously challenged his 1975 conviction and sentence in the following actions: <u>Scott v. Morgan</u>, Civil No. 3:90-cv-1237 (M.D. Pa. Sept. 26, 1990) (§2254 habeas corpus petition dismissed), <u>aff'd</u>, No. 90-5872 (3d Cir. April 9, 1991)(denying certificate of appealability); <u>Scott v. Domovich</u>, Civil No. 3:93-cv-1607 (M.D. Pa. Feb. 25, 1994) (§2254 habeas corpus petition dismissed), <u>aff'd</u>, No. 94-7156 (3d Cir. June 6, 1994)(denying certificate of appealability); <u>Scott v. Mechling</u>, Civil No. 4:03-cv-1881 (M.D. Pa. April 8, 2004) (§2254 habeas corpus petition dismissed as untimely), <u>aff'd</u>, No. 04-2139 (3d Cir. Oct. 14, 2004)(denying certificate of appealability); <u>Scott v. Klem</u>, Civil No. 4:05-CV-1337, 2005 WL 1653165 (M.D. Pa. July 12, 2005) (barring the filing of a second or successive habeas petition unless the

petitioner secures leave of the applicable Court of Appeals to proceed); In re Reginald C. Scott, No. 09-1935 (3d Cir. May 14, 2009)(denying Scott's application to file a second or successive habeas corpus petition); In re Reginald D. Scott, No. 13-4202 (3d Cir. Feb. 28, 2014)(denying Scott's application to file a second or successive habeas corpus petition); Scott v. Kane, Civil No. 3:15-CV-2175 (M.D. Pa. Nov. 18, 2015) (§2254 habeas corpus petition dismissed as second or successive habeas corpus petition), aff'd, No. 15-3926 (3d Cir. April 13, 2016)(denying certificate of appealability); Scott v. Delbalso, Civil No. 3:17-CV-0253 (M.D. Pa. Feb. 15, 2017) (§2254 habeas corpus petition dismissed as second or successive habeas corpus petition), aff'd, No. 17-1931 (3d Cir. July 19, 2017)(denying certificate of appealability); Scott v. PA, Civil No. 3:18-CV-0251, 2018 WL 2045507 (M.D. Pa. May 1, 2018) (rejecting mandamus request where petitioner sought vacatur of criminal sentence).

On January 12, 2023, Scott filed the instant petition for writ of habeas corpus, again challenging his 1975 conviction based on "double jeopardy and merger." (Doc. 1).

## II. Legal Standards

Pursuant to 28 U.S.C. §2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas application "in a district court without

the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. §1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of 28 U.S.C. §2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that was, or could have been, raised in a prior habeas application. See Benchoff v. Colleran, 404 F.3d 812, 817 (3d Cir. 2005); In re Olabode, 325 F.3d 166, 169-73 (3d Cir. 2003).

III. **Discussion**

A review of the instant petition reveals that it is a second or successive habeas application within the meaning of 28 U.S.C. §2244. Because Scott previously filed a federal habeas corpus petition challenging his 1975 conviction that was denied "on the merits," rather than on procedural grounds[1], this new petition constitutes "a second or successive petition." As a result, Scott is required to seek an order from the Third Circuit Court of

---

[1] See Scott v. Mechling, Civil No. 4:03-cv-1881 (M.D. Pa. April 8, 2004) (§2254 habeas corpus petition dismissed as untimely), aff'd, No. 04-2139 (3d Cir. Oct. 14, 2004)(denying certificate of appealability).

Appeals authorizing this Court to consider his petition. 28 U.S.C. §2244(b)(3)(A).

Petitioner does not assert that the Third Circuit Court of Appeals authorized the filing of the instant second or successive habeas petition. Thus, the Court lacks jurisdiction to consider the petition. See Robinson, 313 F.3d at 139. Consequently, the petition will be dismissed without prejudice to Petitioner's right to seek the necessary authorization from the Third Circuit Court of Appeals to file a second or successive habeas corpus petition.

IV.   **Conclusion**

For the foregoing reasons, Scott's unauthorized second or successive petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 is dismissed for lack of jurisdiction. The Court declines to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997).

An appropriate Order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January  , 2023**
22-0058-01